## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KINSALE INSURANCE COMPANY,**

       *Plaintiff*,

**v.**                               **CASE NO.:  4:19cv544-MW/MAF**

**PULTEGROUP, INC.,**
**PULTE HOME COMPANY, LLC,**
**LEVELTECH, INC., et al.,**

       *Defendants*.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This Court has considered, without hearing, PULTEGROUP, INC. and PULTE HOME COMPANY, LLC's (collectively, "Defendants Pulte") Motion to Dismiss Plaintiff's Amended Complaint or Alternatively, Stay the Action. ECF No. 42. Defendant Homeowners join Defendants Pulte's motion to dismiss Plaintiff's Amended Complaint. ECF No. 99. For the reasons provided below, the motion is **DENIED**.

### I

In this declaratory judgment action, Plaintiff seeks a declaration that it neither has a duty to defend Defendants Pulte or Defendant Leveltech from any claim or lawsuit, nor does Plaintiff have to pay judgment against Defendants Pulte or Defendant Leveltech, arising out of the OAG's enforcement action, including any

claims or lawsuits for repairs pursuant to the Consent Decree. ECF No. 36, at 34–35.

A more thorough recitation of allegations can be found in this Court's Order Granting Defendants' Motion to Dismiss Plaintiff's Complaint. ECF No. 34. The Complaint and the Amendment Complaint are largely the same. In the Amended Complaint, Plaintiff added—per this Court's Order—Defendant Homeowners and attached multiple demand letters that Defendants Pulte sent Plaintiff demanding defense and indemnity for repair claims made by the homeowners pursuant to the Office of the Attorney General for the State of Florida ("OAG") lawsuit and the Consent Decree. ECF Nos. 36, ¶¶ 49–50 & 36-4.

## II

At the outset, it bears noting that this Court did not rule on all issues raised by Defendants Pulte in their first motion to dismiss. Specifically, this Court neither decided whether there existed a case or controversy to maintain the declaratory action nor determined whether the amount in controversy jurisdictional requirement was satisfied. Instead, for the purposes of judicial economy and fairness, this Court found it prudent to join all required parties so that the interested parties may make appropriate arguments and respond to the allegations in the complaint. Plaintiff's contention to the contrary is inaccurate.

Returning to the merits of Defendants Pulte's arguments. Defendants Pulte first argue that this case is moot because they "irrevocably withdrew all tenders to both Kinsale and Leveltech. ECF No. 42, at 14. "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.' " *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004) (citation omitted). "The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1282. However, "[t]he doctrine of voluntary cessation provides an important exception to the general rule that a case is mooted by the end of the offending behavior." *Id.* The standard for determining "whether a case has been mooted by the defendant's voluntary conduct is *stringent*: A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur*." *Sheely v. MRI Radiology Network, R.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007) (citation omitted) (emphasis in original). The party asserting mootness bears the "formidable," "heavy burden of persuading the court." *Id.* Here, Defendants Pulte have not carried the burden.

This case began when Defendants Pulte sent demand letters to Plaintiff seeking coverage under the insurance policy Plaintiff issued to Defendant Leveltech. At the inception of this case, Defendants Pulte sent multiple demand letters

demanding defense and indemnity for repair claims made by the homeowners pursuant to the Consent Decree. After the case was filed, Defendants Pulte sent additional demand letters. After this Court issued its Order on Defendants' first motion to dismiss, Defendants Pulte issued correspondence withdrawing its demands to Plaintiff and Defendant Leveltech. ECF No. 45-4. As the case currently stands, Defendants Pulte have, in their words, irrevocably withdrawn "all tenders to both Kinsale and Leveltech." However, there is nothing indicating that Defendants Pulte would not reissue the demand letters. Defendants Pulte have refused to enter into a settlement agreement, even though such an agreement would make it "absolutely clear" that the re-issuance of the demand letters "could not reasonably be expected to occur." In email exchanges between Defendants Pulte and Plaintiff, Defendants Pulte appear to agree to all the terms that would resolve this action, but for some unknown reason refuse to execute a binding agreement. ECF Nos. 45-1, 45-2, 45-3 & 45-4. Absent such an agreement, there is nothing precluding Defendants Pulte from re-issuing the demand letters. Indeed, the fact that the homeowners' repair claims are still pending makes it more likely than not that Defendants Pulte would re-issue the demand letters as soon as this Court dismisses this lawsuit. A promise to irrevocably withdraw the tender is simply not enough to render this lawsuit moot.

For these reasons, this lawsuit is not moot.[1]

## III

Next, Defendants Pulte argue that this Court should stay or dismiss this action because the request for declaration is premature as there has been no lawsuit filed against Defendants Pulte or Defendant Leveltech that would give rise to the Court's ability to determine Plaintiff's duty to indemnify. In other words, Defendants Pulte argues that Plaintiff's claim with respect to its duty to indemnify is not ripe for review. The Declaratory Judgment Act provides that "[i]n case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The standard for when an action for declaratory judgment presents a justiciable controversy is whether, under the facts alleged, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Plaintiff has clearly satisfied this requirement.

---

[1] Defendants Pulte also moved to dismiss the Amended Complaint for failure to state a claim because the demand letters with respect to the Lawrence and Allen homes were not related to the consent decree.  ECF No. 42, at 14. Defendants Kjersti Allen, Darryl Allen, Jodeci Lawrence, and Majorie Lawrence are no longer part of this lawsuit and, therefore, the issue related to the Lawrence and Allen homes is moot.

In the context of a duty to indemnify, a declaration action is ripe for review if "the insured's liability is established." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (agreeing with the district court's conclusion that an insurer's duty to indemnify is not ripe until the insured's liability is established).

In this case, Defendants Pulte's liability as an additional insured is established by the Consent Decree. ECF No. 36-2. Under the Consent Decree, Defendants Pulte are required to make and maintain all settlement repair claims made by homeowners and are to promptly offer to resolve all such claims. ECF No. 36-2, ¶¶ 12–13. Indeed, pursuant to the Consent Decree, Defendants Pulte inspected the homes of the homeowners, determined that repairs were required, and, in at least two cases, performed the repairs. ECF Nos. 36-4 & 16-2. Defendants Pulte then sent demand letters to Plaintiff seeking indemnification for repairs performed pursuant to the consent decree.  Plaintiff, here, seeks a declaration that it has no duty to defend or indemnify claims that arose from the Consent Decree. In short, Plaintiff seeks a declaration about the insurance coverage whose underlying liability is already established through a settlement agreement between Defendants Pulte and the OAG and whose coverage was brought into controversy by Defendants Pulte's demand letters. Defendants cannot send a demand letter seeking coverage of a claim for which it is liable and then argue that there is no actual controversy.

The demand letters, along with the Consent Decree, create an issue ripe for adjudication. For these reasons, this Court will not stay or dismiss Plaintiff's Amended Complaint.

**SO ORDERED on August 12, 2020.**

**s/Mark E. Walker**
**Chief United States District Judge**